IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD MONTELONGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1962-M-BN |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action to review the final decision of the Commissioner of Social Security has been referred to the undersigned magistrate judge pursuant to Title 28, United States Code, Section 636(b).

In an August 25, 2014 Order Directing the Filing of Briefs [Dkt. No. 23], the Court ordered Plaintiff, who is proceeding *pro se*, to, by October 24, 2014, serve and file a brief setting forth all errors that Plaintiff contends entitle Plaintiff to relief. The Court's order further provided that "[t]he deadlines set forth in this order will not be modified except upon written motion for good cause shown.." *Id.* at 4.

More than a week after this deadline, Plaintiff had not filed his opening brief. Further, the copy of the August 25, 2014 Order Directing the Filing of Briefs [Dkt. No. 23] mailed to Plaintiff at the address that Plaintiff provided to the Court had been returned as undeliverable. *See* Dkt. No. 24. The Court cannot proceed with this case and review the Commissioner's decision until Plaintiff files his opening brief.

The Court therefore issued a November 3, 2014 Notice of Deficiency and Order, in which the Court explained that it "will give Plaintiff one more chance to file the required brief and ORDERS that Plaintiff file the brief required by its August 25, 2014 Order Directing the Filing of Briefs [Dkt. No. 23] by **November 24, 2014**." Dkt. No. 25 at 2. The order warned Plaintiff "that failure to comply with this order may result in the imposition of sanctions, including dismissal of Plaintiff's action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) if – absent any response from Plaintiff – the Court determines that imposition of lesser sanctions would be futile." *Id.*

But the copy of the November 3, 2014 Notice of Deficiency and Order [Dkt. No. 25] mailed to Plaintiff at the address that Plaintiff provided to the Court has now been returned as undeliverable. *See* Dkt. No. 26. And Plaintiff has not otherwise contacted the Court since his last filing on June 9, 2014, at which time he provided the new address to which these orders have been mailed. *Compare* Dkt. No. 3 at 1, *with* Dkt. No. 11 at 1.

Because Plaintiff has failed to provide an address at which the Court can provide him copies of its orders as necessary for this case to proceed, the undersigned now recommends that the Court should dismiss Plaintiff's complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of this Court.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua*

*sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (42 U.S.C. § 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

The Court's Instructions to a Non-Prisoner Pro Se Plaintiff instructed Plaintiff as follows: "**Address Change** - You must notify the Court if your address changes, or your case may be dismissed." Dkt. No. 2 at 1. And the Court's June 2, 2014 order provided: "Plaintiff is ORDERED that, at all times during the pendency of this action, he shall immediately advise the Court of any change of address and its effective date. A notice of a change of address shall be captioned 'NOTICE TO THE COURT OF CHANGE OF ADDRESS,' shall contain only information regarding the change of address and its effective date, and shall not contain any motion or request for any other relief. Failure to file a Notice to the Court of Change of Address may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Dkt. No. 7 at 1. Both of those orders were mailed to Plaintiff and have not been returned undelivered. And Plaintiff has provided the Court with an updated address once before. *See* Dkt. No. 11.

But, where all communications sent by the Court to Plaintiff – at the address that Plaintiff provides – are returned as undeliverable, the Court has no option but to conclude that Plaintiff has abandoned the prosecution of his lawsuit. *See, e.g.*, *Wingert v. Lebanon Cnty. Corr. Facility Med. Dep't*, Civil No. 3:CV-07-0224, 2007 WL 674508, at *1 (M.D. Pa. Feb. 28, 2007) (dismissing pursuant to Rule 41(b)). By not providing the Court with his current address, Plaintiff has prevented this action from proceeding and, thus, has failed to prosecute his lawsuit and obey the Court's orders. The undersigned concludes from these facts that Plaintiff no longer wishes to pursue his claims. In short, by his inaction, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating [Plaintiff's] claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012). A Rule 41(b) dismissal of Plaintiff's case is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with the Court's orders and provide an updated address. The Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation

The Court should *sua sponte* dismiss Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff contacts the Court, the Court should refer the

case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE