IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD MONTELONGO, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1962-M-BN |
| SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This now-closed action to review the final decision of the Commissioner of Social Security was referred to the undersigned magistrate judge pursuant to Title 28, United States Code, Section 636(b).

As explained in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge entered November 17, 2014 [Dkt. No. 27] (the "FCR"), because Plaintiff Donald Montelongo, proceeding *pro se* and *in forma pauperis*, *see* Dkt. No. 7, failed to provide an address at which the Court can provide him copies of its orders as necessary for this case to proceed, the undersigned recommended that the Court dismiss Plaintiff's complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of this Court. The undersigned also recommended that if, within 14 days of the date of the FCR, Plaintiff contacts the Court, the Court should refer the case back to the undersigned for further review.

No objection – or further communication from Plaintiff – was timely filed in this

action. And United States District Judge Barbara M.G. Lynn adopted the FCR and entered judgment dismissing Plaintiff's case without prejudice on December 9, 2014. *See* Dkt. Nos. 28 & 29.

But, on December 5, 2014, Plaintiff filed a new *pro se* complaint against the Social Security Administration. *See Montelongo v. Social Security Admin.*, No. 3:14-cv-4293-D-BN, Dkt. No. 3. Based on its meager content, the complaint appears to have been filed in response to the undersigned's FCR in this action. *See id.* ("I he[re]by am stating I very depressed by me being unable to maintain status and address[es]....").

For the reasons explained below, the undersigned recommends that the Court construe the *pro se* complaint that Plaintiff filed in No. 3:14-cv-4293-D-BN as a motion to reopen this case and for relief from judgment and grant that relief.

## Legal Standards and Analysis

Plaintiffs who proceed *pro se* are not excused from complying with court orders, "yet *pro se* pleadings must be liberally construed to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, No. Civ.A. 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see also United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney").

Federal Rule of Civil Procedure 60(b)(1) allows the court, "on motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable neglect." *Id.* Rule

60(b)(1) relief has been granted, for example, where, "as a result of inadvertence and excusable neglect," an attorney files a response to a summary judgment motion, which "would have presented a meritorious defense to the extent that it would have presented evidence that raised a genuine issue of material fact precluding summary judgment," "in the wrong case." *J & J Sports Prods., Inc. v. Orellana*, Civil Action No. H-11-1598, 2012 WL 1833891, at *2 (S.D. Tex. May 18, 2012). Similarly, here, had Plaintiff's December 5, 2014 filing been docketed in this case, the Court likely would have construed that filing as Plaintiff's contacting the Court – as directed in the FCR – and entered an order withdrawing the FCR (or adopting its alternative recommendation) and giving Plaintiff one last opportunity to file the brief required by the Court's previous orders. *See* Dkt. Nos. 23 & 25.

Relief from judgment in this case, rather than allowing Plaintiff to pursue his newly – and probably inadvertently – filed action, is appropriate, moreover, because this action was timely filed, less than 30 days after the final decision of the Commissioner of Social Security, while Case No. 3:14-cv-4293-D-BN was filed well after the 60-day requirement set out in 42 U.S.C. § 405(g). That requirement is not jurisdictional but rather is a statute of limitations and, as such, is waivable by the parties and subject to the doctrine of equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). But, where possible, *pro se* filings should be construed to avoid "the loss of rights due to inartful expression." *Marshall*, 2005 WL 3132352, at *2 (concerning compliance with a statute of limitations); *cf. United States v. Gonzalez*, 592 F.3d 675, 680 n.3 (5th Cir. 2009) (per curiam) ("[W]e liberally construe the briefs of *pro*

*se* litigants to avoid waiver [of issues.]" (citing *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008))).

Ultimately, should the Court adopt this recommendation and should Plaintiff still fail to comply with orders of this Court, Plaintiff's lawsuit will not escape dismissal. *See Teemac v. Frito-Lay, Inc.*, Civil Action No. 3:12-cv-5241-M -BF, 2014 WL 1116705, at *2 (N.D. Tex. Mar. 19, 2014) ("While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. Therefore, Plaintiff's *pro se* status does not preclude the dismissal of this case." (citations omitted)).

## Recommendation

The Court should construe the *pro se* complaint Plaintiff filed in No. 3:14-cv-4293-D-BN as a motion to reopen this case and for relief from judgment and grant such relief under Federal Rule of Civil Procedure 60(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE